IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TOMMOTHY W. LANDRUM, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:17-cv-1072-G-BN |
| § | |
| NANCY A. BERRYHILL, § | |
| DEPUTY COMMISSIONER FOR § | |
| OPERATIONS, performing the duties § | |
| and functions not reserved to the § | |
| Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Tommothy W. Landrum seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision should be reversed.

**Background**

Mr. Landrum alleges that he is disabled due to arthritis, posttraumatic stress disorder, headaches related to a traumatic brain injury, and knee and shoulder pain. After his application for disability insurance benefits was denied initially and on reconsideration, Mr. Landrum requested a hearing before an administrative law judge ("ALJ"). That hearing was held on June 24, 2016. *See* Dkt. No. 10 (Administrative Record ["Tr."]) at 1510-1536 (Hearing Transcript). At the time of the hearing, Mr. Landrum was 47 years old. He has a master's degree and has past work experience as a government contractor computer operator, military analyst, and military training

instructor. Mr. Landrum has not engaged in substantial gainful activity since September 1, 2013.

The ALJ found that Mr. Landrum was not disabled and therefore not entitled to disability benefits. *See id.* at 12-20 (ALJ's Decision). Although the medical evidence established that Mr. Landrum suffered from posttraumatic stress disorder, migraine headaches, sleep apnea, and osteoarthritis of the bilateral knees and shoulders, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Mr. Landrum had the residual functional capacity to perform a limited range of light work but could not return to his past relevant employment. Relying on a vocational expert's testimony, the ALJ found that Mr. Landrum was capable of working as a textile sewing machine operator-automatic, stock checker, and small parts assembler – jobs that exist in significant numbers in the national economy. Given his age, education, and exertional capacity for light work, the ALJ determined that Mr. Landrum was not disabled under the Medical-Vocational Guidelines.

Mr. Landrum appealed that decision to the Appeals Council. The Council affirmed.

Mr. Landrum then filed this action in federal district court. Mr. Landrum contends that the hearing decision is not supported by substantial evidence and results from reversible legal error. More particularly, Mr. Landrum argues that (1) the ALJ failed to consider medical opinion evidence in determining his residual functional

2

capacity and (2) the ALJ failed to consider the vocationally limiting effect of each of his severe impairments.

The undersigned concludes that the hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with these findings and conclusions.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm

only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the

4

claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show

5

that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Among the arguments Mr. Landrum makes is a single ground that compels remand: the ALJ failed to consider medical opinion evidence in determining Mr. Landrum's residual functional capacity ("RFC").[1]

The only opinions included in the record are those of State agency psychologists at the initial and reconsideration levels of administrative review. *See* Tr. at 14, 31, 47. In July and November 2014, State agency psychologists reviewed the record to make disability determinations. *See id.* at 22-33, 36-49. In making their RFC determinations, they opined that Mr. Landrum's "statements about the intensity, persistence, and functionally limiting effects of the symptoms [are] substantiated by the objective medical evidence alone." *Id.* at 30, 46. They then determined that Mr. Landrum had the mental RFC to perform complex work with routine supervision; that Mr. Landrum could relate to supervisors and co-workers but could relate to the general public on an incidental work basis only; and that Mr. Landrum could adapt to a work situation. *See id.* at 31-32, 47.

The ALJ determined that Mr. Landrum had the RFC to perform light work, with the limitations that he could only occasionally climb, balance, stoop, crouch, crawl, and

---

[1] By recommending that the Court remand this case for further administrative proceedings, the undersigned does not suggest that Mr. Landrum is or should be found disabled.

6

reach overhead and that he must avoid concentrated exposure to excessive noise. The ALJ's RFC also limited Mr. Landrum to performing simple tasks and found that he could relate to a supervisor but not the public. *See id.* at 16.

In making the RFC determination, the ALJ stated that he considered opinion evidence in accordance with the requirements of 20 C.F.R. 404.1527 and Social Security Rulings 96-2p, 1996 WL 374188 (July 2, 1996); 96-5p, 1996 WL 374183 (July 2, 1996); 96-6p, 1996 WL 374810 (July 2, 1996); and 06-03p, 2006 WL 2329939 (Aug. 9, 2006). *See id.* at 16. But he did not.

The ALJ must evaluate every medical opinion received. *See* 20 C.F.R. § 405.1527(c). State agency psychological consultants are highly qualified experts in disability evaluation, and an ALJ may not ignore their opinions but instead must explain the weight given to their opinions. *See* 20 C.F.R. 404.1513(b)(1); SSR 96-6p, 1996 WL 374180, at *1.

The ALJ's Decision states three times that "the objective medical evidence alone does not reasonably substantiate the claimant's allegations about the intensity, persistence and functionally limiting effects of the mental symptoms." Tr. at 15, 16, 17. The ALJ also states that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.* at 17.

Although the ALJ states that he gave the State agency psychologists opinions "great weight," he does not mention their seemingly contradictory opinions that Mr. Landrum's "statements about the intensity, persistence, and functionally limiting

7

effects of the symptoms [are] substantiated by the objective medical evidence alone." *Id.* at 14, 30, 46. Instead, the only mention of the State agency psychologists's opinions is at Step 2, at which the ALJ merely states that he "grants great weight to the specific opinions of the State agency examiners who considered [the issue of the severity of Mr. Landrum's impairments] at the initial and reconsideration levels of administrative review and concluded that no listing is met or equaled." *Id.* at 14.

The RFC determination is solely the ALJ's responsibility, *see Taylor v. Astrue*, 706 F.3d 600, 602-03 (5th Cir. 2012), and the ALJ must consider all relevant medical and other evidence in making the RFC determination, *see* 20 C.F.R. § 404.1545(a)(3); SSR 96-5, 1996 WL 374183, at *5. But here, the ALJ did not consider, much less discuss, the State agency psychiatrists's opinions that Mr. Landrum's statements about the intensity, persistence, and functionally limiting effects of his symptoms were substantiated by the objective medical evidence alone, which contradict the ALJ's conclusions that they were not and, had the ALJ given them greater weight, might have changed the ALJ's RFC determination.

The Court may affirm only on the grounds that the ALJ states for his decision. *See Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014). And conflicts in the evidence are for the ALJ and not the courts to resolve. *See Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

Accordingly, the undersigned recommends that the hearing decision should be reversed and this case remanded for further proceedings.

## Recommendation

The hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 11, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE